## Workman v. B. H. Grim

*John W. Thompson*, for plaintiffs.
*Christian S. Erb*, for defendants.

RAUHAUSER, *J.*, September 30, 1986 — A jury returned a comparative negligence special verdict in the above-captioned matter in the sum of $75,800, attributing 25 percent negligence to plaintiffs, whereby the net verdict entered was $56,850. The verdict was based upon the claim of veterinarian malpractice which resulted in the death of some pigs and the lessening of productivity of others.

Now before the court is the plaintiffs' motion for "delay damages" at the rate of 10 percent, to be calculated from the date of the complaint on January 13, 1983 to the date of the verdict on August 11, 1986, or the sum of $20,371.25.

Defendant opposes the granting of such award on the basis that Pa.R.C.P. 238 "does not apply to the facts of this case."

Also before the court are defendant's exceptions to plaintiffs' bill of costs in the sum of $9,503.47.

Dealing with such matters, ad seriatim:

Neither counsel has produced, nor can the court find, any Pennsylvania case precisely on point with reference to the applicability of "delay damages" as here contended for and contested. Defendant contends that the "economic loss" sustained by plaintiffs does not fall within the meaning of Rule 238 which speaks in terms of "bodily injury, death or property damage, or any combination thereof." Plaintiff contends that all losses derived from such injuries are qualified.

This court, speaking through Judge Miller, by an opinion entered on September 4, 1986, addressed this general question.

"While no Pennsylvania cases were found defining 'property damage' in terms of Rule 238, we believe the policies of the Rule would best be served by permitting delay damages in this case. The Pennsylvania Supreme Court in Laudenberger v. Port Authority of Allegheny County, (et al.), 496 Pa. 52, 65, 436 A.2d 147, 154 (1981) held:

"The rule undeniably imposes an additional duty upon defendants in the form of prejudgment interest. But what is the essence of this duty? Rule 238 provides compensation to a plaintiff for delay in receiving the monetary damages owing as a result of a defendant's tort. This serves to indemnify the plaintiff for the money he would have earned on his award if he had promptly received it."

Further, the Laudenberger case stated that the rule serves to compensate plaintiff for the inability to utilize funds rightfully due him; also, it alleviates delay in the disposition of cases."

We will, therefore, adopt this rationale in this case and award the delay damages as requested.

Plaintiff has filed a bill of costs in the total amount of $9,503.47, which is broken down as to pre-trial expense of $3,872.91 and trial expense of $5,630.56. A copy of the bill of costs is attached to this opinion and incorporated herein by reference.

As to the pretrial expenses we will allow:

John D. Hottell, D.V.M. [Trial depositions and transcript and reporting — used at trial] $145.50, John D. Hottell, D.V.M. [Trail deposition, travel and lodging for attorney] (one-half of $767.75) $383.87.

As to trial expenses we will allow:

Witness fee, John P. Hurtgen, D.V.M., Ph.D. (5 days) $25, Witness fee, Burt G. Warren, C.P.A. (3 days) $15, Witness fee, Jeff Tyson, (1 day) $5.00, Witness fee, Steve Wilson (2 days) $10.

We made this decision relative to pretrial and trial expenses because we do not find authority to allow, as costs, experts' charges, pretrial preparation charges or similar items listed by plaintiff. Gold v. Northeast Theater Corp. 421 A.2d 1151; 42 Pa.C.S. §4903(b) and (c).

Perhaps the law should be otherwise, but we do not find it to be so.

Accordingly, we make the following

## ORDER

And now, this September 30, 1986, delay damages are awarded to plaintiffs in the sum of $20,371.25.

Defendants' exceptions to plaintiffs' bill of costs are sustained except as to the amounts allowed in the foregoing opinion.